**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

JOSHUA LERETTE,

      Plaintiff,                          CASE NO.

           v.

SANTANDER CONSUMER USA,

      Defendant.

_____/

## PLAINTIFF'S VERIFIED COMPLAINT AND DEMAND FOR JURY TRIAL

COMES NOW the Plaintiff, JOSHUA LERETTE ("Plaintiff"), by and through his attorneys, KROHN & MOSS, LTD., and for Plaintiff's Complaint against Defendant, SANTANDER CONSUMER USA ("Defendant"), alleges and affirmatively states as follows:

## INTRODUCTION

1.      Count I of Plaintiff's Complaint is based on the Fair Debt Collection Practices Act, *15 U.S.C. 1692 et seq.* (FDCPA).

## JURISDICTION AND VENUE

2.      Jurisdiction of this court arises pursuant to 15 U.S.C. 1692k(d), which states that such actions may be brought and heard before "any appropriate United States district court without regard to the amount in controversy.

3.      Because Defendant conducts business in the state of Florida, personal jurisdiction is established.

4.      Venue is proper pursuant to 28 U.S.C. 1391(b)(2).

## PARTIES

5.      Plaintiff is a natural person who resides in Pinellas Park, Pinellas County, Florida and is obligated or allegedly obligated to pay a debt and is a "consumer" as that term is defined by 15 U.S.C. 1692a(3).

6.      Plaintiff is informed, believes, and thereon alleges, that Defendant is a company with a business office located in Dallas, Texas.

7.      Plaintiff is a consumer as that term is defined by *15 U.S.C. 1692a(3)*, and according to Defendant, Plaintiff allegedly owes a debt as that term is defined by *15 U.S.C. 1692a(5)*.

8.      Plaintiff is informed, believes, and thereon alleges, that Defendant uses instrumentalities of interstate commerce or the mails in any business the principal purpose of which is the collection of any debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another and is a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6).

9.      Defendant is a debt collector as that term is defined by *15 U.S.C. 1692a(6)* and sought to collect a consumer debt from Plaintiff.

10.      Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.

## FACTUAL ALLEGATIONS

11.      Defendant constantly and continuously places collection calls to Plaintiff seeking and demanding payment for an alleged debt.

12.      Defendant calls Plaintiff several times a day, sometimes up to four (4) times a day. Defendant's calls to Plaintiff include, but are not limited to:

- 12-28-10 --- 4:14 pm from 469-385-5260
- 12-28-10 --- 9:40 am from 469-385-5260
- 12-27-10 --- 10:24 am from 214-237-3516
- 12-27-10 --- 5:36 pm from 214-237-3516
- 12-23-10 --- 3:02 pm from 619-757-1242
- 12-23-10 --- 6:06 pm from 619-757-1242
- 12-23-10 --- 8:38 pm from 619-757-1242
- 12-22-10 --- 2:18pm from 214-540-2035
- 12-22-10 --- 4:50 pm from 214-540-2035
- 12-21-10 --- 1:30 pm from 214-540-0714
- 12-21-10 --- 4:51 pm from 214-540-0714
- 12-21-10 --- 7:40 pm from 214-540-0714
- 12-20-10 --- 8:53 am from 817-887-0121
- 12-20-10 --- 2:18 pm from 817-887-0121
- 12-20-10 --- 4:52 pm from 817-887-0121
- 12-20-10 --- 7:49 pm from 817-887-0121

13.     Defendant contacts Plaintiff from telephone numbers 214-237-3516, 469-385-5260, 619-757-1242 and 214-540-2035.

14.     Plaintiff is not late on his payments and has spoken to Defendant approximately 10 times since November, 2010 where Plaintiff explains to Defendant that he is not late on his payments and to stop calling him.

15.     Defendant continues to call Plaintiff stating that Plaintiff is 55 days late, wherein after approximately 30 minutes on the telephone, Defendant acknowledges that Plaintiff does not have any late payments due and informs Plaintiff that Defendant will remove his number from their auto-dialing system. However, Defendant continues to call Plaintiff alleging he is late on his payments.

## COUNT I
## DEFENDANT VIOLATED THE FAIR DEBT COLLECTION PRACTICES ACT, (FDCPA), 15 U.S.C. § 1692 et seq.

16.     Defendant violated the FDCPA.  Defendant's violations include, but are not limited to the following:

a)  Defendant violated *§1692d* of the FDCPA by engaging in conduct of which the

natural result is the abuse and harassment of the Plaintiff;

    b)  Defendant violated *§1692d(5)* of the FDCPA by causing a telephone to ring repeatedly and continuously with the intent to annoy, abuse, and harass Plaintiff; and

    c)  Defendant violated *§1692e(10)* of the FDCPA by using false and deceptive means to collect a debt because Defendant continues to call Plaintiff everyday after acknowledging that Plaintiff does not have any late payments due.

    **WHEREFORE**, Plaintiff respectfully prays that judgment be entered against the Defendant for the following:

17.    Statutory damages of $1,000.00, pursuant to the FDCPA, 15 U.S.C. 1692k

18.    Costs and reasonable attorney's fees pursuant to the FDCPA, 15 U S C  1692k.

19.    Any other relief that this court deems to be just and proper.

RESPECTFULLY SUBMITTED,

By: _____

James Pacitti
Krohn & Moss, Ltd
10474 Santa Monica Blvd., Suite 401
Los Angeles, CA 90025
Phone:  (323) 988-2400 x 230
Fax:    (866) 385-1408
jpacitti@consumerlawcenter.com
Attorney for Plaintiff
FBN: 119768

## DEMAND FOR JURY TRIAL

    PLEASE TAKE NOTICE that Plaintiff, JOSHUA LERETTE hereby demands trial by jury in this action.

## VERIFICATION OF COMPLAINT AND CERTIFICATION

(STATE OF FLORIDA)

Plaintiff, JOSHUA LERETTE, says as follows:

1. I am a Plaintiff in this civil proceeding.

2. I have read the above-entitled civil Complaint prepared by my attorneys and I believe that all of the facts contained in it are true, to the best of my knowledge, information and belief formed after reasonable inquiry.

3. I believe that this civil Complaint is well grounded in fact and warranted by existing law or by a good faith argument for the extension, modification or reversal of existing law.

4. I believe that this civil Complaint is not interposed for any improper purpose, such as to harass any Defendant(s), cause unnecessary delay to any Defendant(s), or create a needless increase in the cost of litigation to any Defendant(s), named in the Complaint.

5. I have filed this Complaint in good faith and solely for the purposes set forth in it.


Pursuant to 28 U.S.C. § 1746(2), I, JOSHUA LERETTE, hereby declare (or certify, verify or state) under penalty of perjury that the foregoing is true and correct.

Dated: 1/7/10

JOSHUA LERETTE
Plaintiff